FILED

2011 APR 13 PM 2:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone (310) 590-1820
Facsimile   (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIBBEAN BLUES INC., d/b/a EKB TEXTILES, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>MS. BUBBLES, INC., a California Corporation; THE TJX COMPANIES, INC., a Massachusetts Corporation; WET SEAL, INC., a California Corporation; CONCORD BUYING GROUP, INC, a Massachusetts Corporation; BELLA D, INC., a California Corporation; and DOE 1-10,<br><br>Defendants. | Case No.: CV11-1699 VBF (VBKx)<br>*The Honorable Valerie B. Fairbank*<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS/CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

1
FIRST AMENDED COMPLAINT

Caribbean Blues, Inc, d/b/a EKB Textiles, ("EKB" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff is a textile converter that purchases and/or creates unique designs and silk-screens, primarily for use in the garment industry. This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's intellectual property by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331m 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff EKB is a corporation organized and existing under the laws of the State of California with its principal place of business located at 777 E. Washington Blvd., Los Angeles, California 90021.

5. Plaintiff is informed and believes and thereon alleges that Defendant MS. BUBBLES, INC. ("MS. BUBBLES") is a California Corporation, with its principal place of business at 2731 Alameda Street, Los Angeles, California 90058.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE TJX COMPANIES, INC. ("TJX"), individually, and doing business as "Marshalls" and "TJ Maxx," is a corporation organized and existing under the laws of the State

of Massachusetts with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts, 01701, and doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant WET SEAL, INC. ("WET SEAL") is a corporation organized and existing under the laws of the State of California and doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant CONCORD BUYING GROUP, INC. ("CONCORD") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal offices located at 770 Cochituate Road, Framingham, MA 01701-4666, which is doing business in and with the State of California

9. Plaintiff is informed and believes and thereon alleges that Defendant BELLA D, INC. ("BELLA") is a California Corporation, with its principal place of business at 727 East Pico Blvd. #4, Los Angeles, California 90021.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Design No. **1426** (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the

wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement - Against All Defendants)

13. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 11, inclusive, of this Complaint.

14. Prior to the conduct complained of herein, Plaintiff composed a design assigned Plaintiff's Internal Design Number **1426** ("Subject Design"). A true and correct copy of the Subject Design is attached hereto as Exhibit 1.

15. Plaintiff applied for and received copyright registration for the Subject Design on June 29, 2005, with the Subject Design being granted the assignment of Registration No. VA 1-327-758. A copy of said registration is attached as Exhibit 2.

16. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold,

manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Design (hereinafter "Infringing Garments"). A copy of said garment is attached as Exhibit 3.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured from lawfully purchased fabric bearing the Design.

18. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Infringing Garments through a nationwide network of retail stores and through on-line websites.

20. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant's infringement was willful in that it was committed with either knowledge and/or reckless disregard of the rights of Plaintiff in the Design, including but not limited to after Defendants were specifically put on notice that they were infringing Plaintiff's Design in March of 2010.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

24. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 20, inclusive, of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged hereinabove.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
   a. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyright in any manner;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
   d. That Plaintiff be awarded pre-judgment interest as allowed by law;
   e. That Plaintiff be awarded the costs of this action; and
   f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated: April 12, 2011							DONIGER / BURROUGHS APC

								By:	/s/ Stephen M. Doniger
									Stephen M. Doniger, Esq.
									Attorneys for Plaintiff
									CARIBBEAN BLUES, INC.